

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JERRY A. BRENDEN,

               Plaintiff,

        v.

SELLEN CONSTRUCTION CO., INC.,

             Defendant.

CASE NO. C12-1412JLR

ORDER DISMISSING
COMPLAINT AND GRANTING
DEFENDANT'S MOTION FOR A
VEXATIOUS LITIGANT ORDER

## I.    INTRODUCTION

This action is Plaintiff Jerry A. Brenden's fifth lawsuit in this court against his former employer Defendant Sellen Construction Co., Inc. ("Sellen"). All five of Mr. Brenden's actions in this court relate to a workplace injury he experienced in 1999. In addition to the five lawsuits that Mr. Brenden has filed in this court, he has also filed numerous lawsuits against Sellen in United States District Court for the District of Oregon and in Washington State courts.

ORDER- 1

On December 14, 2012, the court issued an order to show cause why Plaintiff Jerry A. Brenden's complaint should not be dismissed (Dkt. # 13). Before the court are Mr. Brenden's responses to the court's order (Dkt. ## 14, 20, 22, 24-30), as well as Sellen's response (Dkt. ## 18, 19). In addition, Sellen has filed a motion for entry of a vexatious litigant order against Mr. Brendan (Dkt. # 15). The court has reviewed all of the submissions of the parties concerning both its order to show cause and Sellen's motion, the balance of the record, and the applicable law. Being fully advised, the court DISMISSES Mr. Brenden's complaint with prejudice and without leave to amend, and GRANTS Sellen's motion for a vexatious litigant order (Dkt. # 15).

## II.   BACKGROUND[1]

### A.   Mr. Brenden's State Court Litigation

On or about November 12, 1999, Mr. Brenden filed a claim for a workplace injury he incurred while employed at Sellen. (Gress Decl. ¶ 2.)[2] The claim was submitted to

---

[1] In addition to providing a declaration describing Mr. Brenden's prior litigation history against Sellen (see Gress Decl. (Dkt. # 17)), Sellen also asks that the court take judicial notice of Mr. Brenden's litigation history in this and other courts. (Mot. at 2, n.1.) Federal Rule of Evidence 201 permits judicial notice of any fact "not subject to reasonable dispute in that it is . . . capable of accurate or ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Bias v. Moynihan, 508 F.3d 1212, 1215 (9th Cir. 2007) (quoting Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002)). Courts have taken judicial notice of prior court records when considering pre-filing orders for vexatious litigants. See, e.g., Perry v. Veolia Tranp., No. 11–CV–176–LAB–RBB, 2011 WL 4566449, at *5 (S.D. Cal. Sept. 30, 2011); Shiraishi v. United States, No. 11–00471 LEK, 2011 WL 4625723, at *8 (D. Haw. Sept. 30, 2011). Accordingly, the court grants Sellen's request that the court to take judicial notice of these records.

1   the Washington State Department of Labor and Industries, which issued orders on March

2   13 and 14, 2001, addressing Mr. Brenden's time loss rate and permanent impairment.

3   (*Id.*)  Both Mr. Brenden and Sellen filed appeals with the Board of Industrial Insurance

4   Appeals, which were ultimately dismissed on July 26, 2002.  (*Id.* (citing Board of

5   Industrial Appeals Case Nos. 01-14842, 01-15336, and 01-15327).)  Five months later,

6   Mr. Brenden sought to re-open his workers compensation claim, but the Department of

7   Labor and Industries denied the application on January 10, 2003.  (*Id.*)  The Board of

8   Industrial Insurance Appeals affirmed on May 19, 2003.  (*Id.* (citing Case No. 03-

9   14235).)

10   Mr. Brenden appealed the decision of the Board of Industrial Insurance Appeals to

11   Thurston County Superior Court.  (*Id.* ¶3 (citing Cause No. 03-2-01474-2).)  Thurston

12   County Superior Court dismissed his appeal on December 5, 2003, and denied his motion

13   for reconsideration on January 22, 2004.  (*Id.*)  On August 21, 2009, Thurston County

14   Superior Court issued an order banning Mr. Brenden from filing further pleadings

15   without first obtaining permission of the court due to his subsequent filings in that case in

16   2008 and 2009.  (*Id.*)  Mr. Brenden filed additional appeals from the Board of Industrial

17   Appeals in both Thurston County Superior Court (Cause No. 04-2-00216-5) and King

18   County Superior Court (Cause No. 04-2-04786-2).  (*Id.*)  Both courts granted Sellen's

19   motions for summary judgment.  (*Id.*)

20   _____

21   [2] Sellen filed two declarations by Mr. James Gress—one in support of its motion for a
vexatious litigant order (*see* Dkt. # 17) and one in support of its response to the court's order to
show cause (*see* Dkt. # 19).  These declarations are substantively identical.  For ease of

22   reference, the court will cite to the declaration at docket number 17 throughout this order.

1    Mr. Brenden then appealed both of these superior court decisions to the

2 Washington State Court of Appeals, which dismissed both appeals. (*Id.* ¶ 4 (citing Cause

3 Nos. 54669-4-1, 32360-5-II).) Mr. Brenden ultimately appealed to the Washington

4 Supreme Court, which also dismissed his appeals and imposed sanctions. (*Id.* (citing

5 Cause Nos. 76106-0; 76308-9).) Mr. Brenden attempted to obtain further review in the

6 Washington Supreme Court (Cause No. 82526-2), but the Court terminated review on

7 March 26, 2009. (*Id.*)

8    **B. Mr. Brenden's Federal Court Litigation**

9    On March 25, 2005, Mr. Brenden sued Sellen for the first time in the United States

10 District Court for the Western District of Washington. (*See Brenden v. Sellen*

11 *Construction,* No. C05-0427RSM (W.D. Wash.).) Although mostly incomprehensible,

12 his complaint noted the "date of the injury 11-22-99" and "fraud and injustice to

13 employee." (*Id.* Compl. (Dkt. # 4) at 1.) His complaint also referenced his prior state

14 court litigation. (*Id.* Compl. at 2.)

15    On May 16, 2005, the Honorable Ricardo S. Martinez issued an order of dismissal,

16 stating:

17       Plaintiff has stated no facts whatsoever with respect to his claim for twenty-
         four million dollars in relief. Nor has he stated any facts whatsoever with
18       respect to the named defendant. It would be impossible for defendant to
         frame an answer to this complaint.
19
     (*Id.* 5/16/05 Order (Dkt. # 14) at 1.) Mr. Brenden appealed the court's dismissal to the
20
     Ninth Circuit Court of Appeals. (*Id.* Not. of App. (Dkt. # 21).) Following Mr. Brenden's
21
     appeal, Judge Martinez issued another order, stating: "This appeal is not taken in good
22

ORDER- 4

1   faith" because "[t]here is no legal basis for appeal." (*Id.* 7/8/05 Order (Dkt. # 23) at 1.)

2   Ultimately, the Ninth Circuit dismissed Mr. Brenden's appeal for failure to prosecute.

3   (*Id.* Mandate (Dkt. # 27).)

4        In 2006 and 2008, Mr. Brenden inexplicably began to file various submissions

5   with the district court in cause number C05-0427RSM once again. (*See id.* (Dkt.

6   ## 29-37).)  Judge Martinez entered three additional orders barring Mr. Brenden from

7   additional filings in this long-closed cause number. (*Id.* 3/30/08 Order (Dkt. # 38),

8   3/18/08 Order (Dkt. # 40), 1/6/09 Order (Dkt. # 41).)

9        On December 15, 2005, Mr. Brenden filed his second complaint against Sellen in

10  the Western District of Washington. (*See Brenden v. Sellen Construction,* No. C05-

11  1681RSL (W.D. Wash.).)  Once again, Mr. Brenden's complaint referenced his "injury of

12  11-12-99" and claimed "fraud and injustice" related to his employment with Sellen. (*Id.*

13  Compl. (Dkt. # 12).)  The Honorable Robart S. Lasnik granted summary judgment to

14  Sellen, ruling that Mr. Brenden's complaint failed as a matter of law:

15         [P]laintiff has not suggested or provided evidence in support of any viable
           theory that would allow him to proceed with a tort claim against his former
16         employer.  The Industrial Insurance Act and the administrative procedures
           set forth by the Department of Labor and Industries provide an exclusive
17         remedy for injured employees against their employers. . . . Plaintiff has not
           identified an exception to this well-established rule of state law that would
18         apply in this case.

19  (*Id.* 7/31/06 Order (Dkt. # 59) at 2-3 (citation omitted).)

20        Two years after dismissing the case, Judge Lasnik entered another order, stating:

21         This matter has been closed since July 31, 2006, and the Court has warned
           plaintiff that he has no right or entitlement to discovery or other relief in
22         this matter.  The Court has already stricken a number of post-judgment

ORDER- 5

1        filings. *See* Dkt. # 66, 73, and 77. Docket numbers 78 and 79 are hereby
       STRICKEN and plaintiff is BARRED from filing any other papers in this

2        matter. The Clerk of Court is directed to return to plaintiff any motions,
       notices, or other documents filed by plaintiff in the above-captioned case.

3        Defendants need not respond to or comply with any subpoena or discovery
       served in C05-1681RSL until and unless specifically ordered to do so by

4        the Court.

5 (*Id.* 3/17/08 Order (Dkt. # 80) at 1.)

6        Despite the dismissal of his first two lawsuits, on September 16, 2008, Mr.

7 Brenden filed a third complaint related to his 1999 injury and employment with Sellen in

8 the Western District of Washington. (*See Brenden v. Sellen Construction,* No. MC08-

9 5053RBL (W.D. Wash.).) This complaint was entitled employment discrimination, but

10 again referred to his "11-12-99" workplace injury and averred that "the alleged

11 discrimination occurred on or about 11-12-99." (*Id.* Compl. (Dkt. # 1) at 1-2.) The

12 Honorable Ronald B. Leighton dismissed the case, *sua sponte*, two weeks later, stating:

13        On September 16, 2008, plaintiff, pro se, filed an Employment
       Discrimination Complaint on the forms provided by the Court for use by

14        pro se litigants. In his Complaint plaintiff alleges that his previous
       employer, Sellen Construction Company, violated Title VII of the Civil

15        Rights Act of 1964 by, among other ways, terminating his employment.
       His dispute with the company apparently dates back to Sellen's handling of

16        plaintiff's 1999 on the job injury. The relief plaintiff seeks, however, is for
       this Court to send this matter back to Thurston County, where plaintiff had

17        two previous lawsuits in 2003 and 2004 involving his worker's
       compensation claims, for that court to award him damages.

18

19        Initially, this Court does not act as an appellate court for the state courts,
       and thus does not have jurisdiction over this matter. Furthermore, the Court

20        notes that plaintiff has filed two cases in Seattle on the same or like subject
       matter, *Jerry Brenden v. Sellen Construction*, C05-427RSM, and *Jerry*

21        *Brenden v. Sellen Construction Company*, C05-1681RSL, both of which
       have been dismissed. Judge Martinez and Chief Judge Lasnik have barred
       plaintiff from filing any new documents in both of those closed cases.

22

ORDER- 6

1    Because this Court lacks jurisdiction over plaintiff's claims and because he
     has twice had the matter dismissed, this case is also DISMISSED. As with
2    the other two cases in Seattle, this Court will not accept any further filings
     under this cause number, MC08-5053RBL. The Clerk is directed to return
3    to plaintiff any motions, notices, or other documents filed by plaintiff in the
     above-captioned case. If plaintiff attempts to file another case raising this
4    same subject matter, it will be summarily DISMISSED.

5    (*Id.* 9/30/08 Order (Dkt. # 2) at 1-2.)

6        Undeterred by three dismissals, on May 18, 2012, Mr. Brenden filed his fourth

7    complaint in the Western District of Washington against Sellen. (*See Brenden v. Sellen*

8    *Construction*, No. C12-0872JLR (W.D. Wash.).) The court concluded that the complaint

9    pertained to the same subject matter as Mr. Brenden's previous federal suits against

10   Sellen and ordered Mr. Brenden to show cause why the claim should not be dismissed.

11   (*Id.* 10/15/12 Order (Dkt. # 15).) Following Mr. Brenden's response, the court dismissed

12   Mr. Brenden's fourth action against Sellen with prejudice. (*Id.* 12/12/12 Order (Dkt. #

13   23).) Mr. Brenden has appealed this order to the Ninth Circuit. (*Id.* 1/17/13 Not. of App.

14   (Dkt. # 25).)[3]

15       On August 12, 2012, Mr. Brenden filed the present complaint. (Compl. (Dkt. #

16   1).) Once again, although often unintelligible, Mr. Brenden's fifth complaint against

17   _____

18   [3] In addition to his lawsuits in the Western District of Washington, Mr. Brenden has also
     filed six lawsuits against Sellen in the United States District Court for the District of Oregon. All
19   of Mr. Brenden's Oregon suits have been dismissed as well: (1) Cause No. 06-6438-TUC—
     dismissed on July l7, 2006; appeal to the Ninth Circuit dismissed; (2) Cause No. 07-6125-
20   ALA—dismissed September 25, 2007; appeal to Ninth Circuit dismissed with order barring
     future submissions; (3) Cause No, 09-6317-TC—dismissed with prejudice on December 8, 2009,
21   with an order from the district court barring further filings; petition to Ninth Circuit denied with
     an order barring future submissions; (4) Cause No. 11-6110-AA—dismissed on April 26, 2011;
22   (5) Cause No. 09-7015-HO—dismissed; (6) cause No. 08-7016-HO—dismissed. (Gress Decl.
     ¶ 5.)

ORDER- 7

1    Sellen in this district appears to relate to his 1999 workplace injury, his employment with

2    Sellen, and his 1999 workers compensation claim. (*See generally* Compl.) Once again,

3    Mr. Brenden's "allegations" are such that it would be nearly impossible for Sellen or any

4    defendant to frame an answer. Accordingly, the court issued an order to show cause (1)

5    why the complaint should not be dismissed for failure to state a claim or a basis for the

6    court's subject matter jurisdiction under Federal Rules of Civil Procedure 8 and 12, (2)

7    why some or all of Mr. Brenden's claims are not barred by the doctrines of *res judicata*

8    or collateral estoppel, and (3) why the complaint conforms to the previous court order

9    from Judge Leighton instructing Mr. Brenden not to make additional filings on the

10   subject matter. (12/14/12 Order (Dkt. # 13).) Both parties have responded to the court's

11   order.

12       On December 28, 2012, Sellen filed a motion for entry of vexatious litigant order

13   against Mr. Brenden based on his prior history of filing lawsuits related to his 1999

14   workplace injury. (Mot. (Dkt. # 15).) Mr. Brenden filed a response to Sellen's motion,

15   which simply states that he will give his response on January 18, 2012, that "Case No.

16   C12-0872JLR is an ADDITION and not a Vexatious," and that "Jerry A. Brenden

17   deserves to represent himself at this time on additional to 2:12-cv-01412-JLR regarding

18   WORKERS COMPENSATION CLAIMS with C12-00872-JLR." (Resp. (Dkt. # 21) at

19   1.) In none of Mr. Brenden's submissions following the filing of Sellen's motion for a

20   vexatious litigant order does Mr. Brenden deny or attempt to justify the litigation history

21   described above.

22   //

ORDER- 8

## III.   ANALYSIS

### A. Mr. Brenden's Complaint Fails to State a Claim under Rule 8 and Requires Dismissal under Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires a complaint to include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . , (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). As the Supreme Court noted in *Bell Atlantic Corp. v. Twombly*, Federal Rule of Civil Procedure 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* Further, although the court must construe *pro se* complaints liberally, *see Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003), the court may not supply essential elements that the plaintiff failed to plead, *see Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). Here, Mr. Brenden's complaint, like all of the other complaints that he has filed in this district, fails to allege a short and plain statement of the claim showing that he is entitled to relief or a short and plain statement establishing the court's jurisdiction. In response to the court's order to show cause, Mr. Brenden has failed to cure these deficiencies or demonstrate how they might be cured in an amended complaint. Accordingly, the court

ORDER- 9

1  concludes that Mr. Brenden's present complaint fails to comply with Rule 8, and the

2  court DISMISSES it pursuant to Rule 12(b)(6).

3  **B. Mr. Brenden's Complaint is Barred by Res Judicata**

4          The doctrine of *res judicata* bars the relitigation of a claim previously tried and

5  decided. *Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1320 (9th Cir. 1992). "*Res*

6  *judicata* not only bars relitigation of claims previously litigated, but also precludes claims

7  that could have been brought in earlier proceedings." *Arizona v. California*, 530 U.S.

8  392, 424 (2000); *see also Allen v. McCurry*, 449 U.S. 90, 94 (1980) (the doctrine of *res*

9  *judicata* "precludes the parties or their privies from relitigating issues that were or could

10  have been raised in [a prior] action" following entry of "a final judgment on the merits.");

11  *Taboe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1078

12  (9th Cir. 2003) ("Newly articulated claims based on the same nucleus of facts may still be

13  subject to a *res judicata* finding if the claims could have been brought in the earlier

14  action."). The doctrine "'relieve[s] parties of the costs and vexation of multiple lawsuits,

15  conserve[s] judicial resources, and, by preventing inconsistent decisions, encourage[s]

16  reliance on adjudication.'" *Dodd v. Hood River Cnty.*, 59 F.3d 852, 863 (9th Cir. 1995)

17  (quoting *Allen*, 449 U.S. at 94).

18          *Res judicata* bars subsequent claims "when the earlier suit . . . (1) involved the

19  same 'claim' or cause of action as the later suit, (2) reached a final judgment on the

20  merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro-Optical*

21  *Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (quoting *Sidhu v. Flecto Co.*, 279 F.3d 896, 900

22  (9th Cir. 2002) (internal quotations omitted)). Here, the only element of *res judicata* that

ORDER- 10

1    requires analysis is whether Mr. Brenden's prior actions involved the same "claim" as the

2    present suit because the second and third elements are established: the court has issued a

3    final judgment on the merits in the Western District of Washington (*see Brenden v. Sellen*

4    Construction, Cause No. C05-1681RSL, Dkt # 59 at 2-3) and the previous lawsuit

5    involved the same parties—Mr. Brenden and Sellen.

6         Whether two lawsuits involve the same claim depends on four factors that a court

7    does "not apply mechanistically: (1) whether the two suits arise out of the same

8    transactional nucleus of facts; (2) whether rights or interests established in the prior

9    judgment would be destroyed or impaired by prosecution of the second action; (3)

10   whether the two suits involve infringement of the same right; and (4) whether

11   substantially the same evidence is presented in the two actions." *Mpoyo*, 430 F.3d at 987

12   (citing *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 921 (9th Cir. 2003)).

13        The most important and often dispositive factor is the first, the common "nucleus"

14   criterion. *Mpoyo*, 430 F.3d at 988; *Int'l Union v. Karr*, 994 F.2d 1426, 1429-30 (9th Cir.

15   1993). Courts apply a transaction test to determine whether two suits "arise out of the

16   same transactional nucleus of facts." *Int'l Union*, 994 F.2d at 1429. "Whether two

17   events are part of the same transaction or series depends on whether they are related to

18   the same set of facts and whether they could conveniently be tried together." *W. Sys.*

19   *Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir. 1992) (citing Restatement (Second) of

20   Judgments § 24(2) (1982)). Here, Mr. Brenden's complaint—to the extent it can be

21   deciphered—relates to the termination of his employment with Sellen, his 1999

22   workplace injury, and the disposition of his 1999 workers compensation claim. As a

ORDER- 11

1  result, the current complaint arises from the same common nucleus of operative facts as

2  Mr. Brenden's four previous complaints in this district.

3     The other *Mpoyo* criteria also support application of the *res judicata* doctrine.

4  Evaluating the second and third criteria, allowing Mr. Brenden to proceed in the present

5  case would directly conflict with the adjudication of his previous lawsuits in the Western

6  District of Washington, which found that "Plaintiff has not identified an exception" to

7  well-established state law requiring that the "Industrial Insurance Act and the

8  administrative procedures set forth by the Department of Labor and Industries provide an

9  exclusive remedy for injured employees against their employers" (*See Brenden v. Sellen*

10  *Construction,* No. C05-1681RSL (W.D. Wash.), 7/31/06 Order at 2-3), and further

11  required that any future lawsuits related to his employment with Sellen be "summarily

12  dismissed" (*See Brenden v. Sellen Construction,* No. MC08-5053RBL (W.D. Wash.),

13  9/30/08 Order at 2). Moreover, Mr. Brenden's present lawsuit infringes on the same

14  interests as his previous lawsuits filed in contravention of well-established state law

15  because he is still seeking relief related to his 1999 workers compensation claim.

16     The fourth criterion, which asks whether the former and present actions would

17  involve substantially the same evidence, also supports dismissal. His complaints relate to

18  the termination of his employment from Sellen and his workers compensation claim—

19  both of which took place in 1999. Furthermore, in *Mpoyo*, the Ninth Circuit recognizing

20  that evidence offered in two employment termination lawsuits regarding a "single act of

21  termination" would "certainly overlap" even if the claims or theories of recovery are not

22  technically identical. *Mpoyo*, 430 F.3d at 987. Under these circumstances, Mr.

ORDER- 12

1   Brenden's current claims—to the extent they are comprehensible—were previously

2   adjudicated, or should have been raised, in the many lawsuits he previously filed. More

3   than one of these earlier lawsuits was dismissed with prejudice. Thus, Mr. Brenden's

4   current complaint is barred by the doctrine of *res judicata* and should be dismissed as a

5   matter of law.

6           Lastly, Mr. Brenden's claims in the current lawsuit—even if properly alleged—

7   must be dismissed because the claims arose before the entry of final judgment on the

8   merits by Judge Lasnik. *See Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998);

9   *Feminist Women's Health Ctr. v. Codispoti*, 63 F.3d 863, 866 (9th Cir. 1995) (*res*

10  *judicata* bars all claims that "were ripe at the time the [prior] judgment" was entered).

11  Here, all of Mr. Brenden's claims continue to relate to his employment with Sellen in

12  1999, and clearly arose before the entry of final judgment on the merits by Judge Lasnik

13  in 2006; therefore, to the extent Mr. Brenden had any claims arising from his

14  employment with Sellen, he was required to pursue them in the previous lawsuits. Mr.

15  Brenden's failure to do so bars his current claims. Accordingly, because the doctrine of

16  *res judicata* also bars claims that arose before the entry of a final judgment, regardless of

17  whether the claims were actually asserted, the present claims must be dismissed.

18          Mr. Brenden's current claims—to the extent they are comprehensible—were

19  previously litigated, or should have been raised, in the previous suits he filed. Some of

20

21

22

1 | these suits were dismissed with prejudice.  Accordingly, Mr. Brenden's present complaint

2 | is barred by the doctrine of *res judicata*.[4]

3 | **C.  Vexatious Litigant**

4 |      The All Writs Acts, 28 U.S.C. § 1651(a), provides district courts with the inherent

5 | power to enter pre-filing orders against vexatious litigants.  *Molski v. Evergreen Dynasty*

6 | *Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007).  Although such orders should be rare,

7 | "[f]lagrant abuse of the judicial process cannot be tolerated because it enables one person

8 | to preempt the use of judicial time that properly could be used to consider the meritorious

9 | claims of other litigants."  *De Long v. Hennessey*, 912 F.2d 1144, 1148 (9th Cir. 1990).

10 | A vexatious litigant order should be entered when (1) the litigant has received notice and

11 | a chance to be heard before the order is entered, (2) there is an adequate record for

12 | review, (3) the litigant's actions are frivolous or harassing, and (4) the vexatious litigant

13 | order is "narrowly tailored to closely fit the specific vice encountered."  *Id.* at 1147-48;

14 | *Molski*, 500 F.3d at 1057.

15 |      The first two requirements for entry of a vexatious litigant order are met.  Mr.

16 | Brenden has received notice and an opportunity to be heard with respect to Sellen's

17 | motion.  *See Molski*, 500 F.3d at 1058-59 (plaintiff had sufficient notice when he was

18 |

19 |

20 |     [4] Because Mr. Brenden's claims are barred by the doctrine of *res judicata*, and he has suggested no amendments to his complaint that would alter this result, it would be futile to grant Mr. Brenden leave to amend.  *See David v. Cnty. of Maui*, 454 Fed. App'x 582, 582 (9th Cir.

21 | 2011) (unpublished) ("The district court correctly denied [the plaintiff] leave to amend his complaint because res judicata would bar relief even with his proposed amendments, and thus, amendment would be futile.") (citing *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d

22 | 1034, 1041-42 (9th Cir. 2011)).

ORDER- 14

1  served with the motion and had an opportunity to respond). Indeed, Mr. Brenden filed a

2  response to Sellen's motion.[5] (*See* Resp. (Dkt.# 21); *see also* 1/22/13 Notice (Dkt. # 25);

3  1/30/13 Notice (Dkt. # 27); 2/1/13 Notice (Dkt. # 28); 2/4/13 Notice (Dkt. # 29); 2/8/13

4  Notice (Dkt. # 30).) In addition, there is an adequate record for review. *See, e.g., Molski*,

5  500 F.3d at 1059 ("The record before the district court contained a complete list of the

6  cases filed by [plaintiff] . . . , along with the complaints from many of those cases.

7  Although the district court's decision . . . did not list every case filed by [plaintiff], it did

8  outline and discuss many of them."). Sellen has submitted detailed declaratory evidence

9  of Mr. Brenden's many prior litigations and court filings, in both state and federal courts.

10  (*See generally* Gress Decl.) In addition, the court has taken judicial notice of the public

11  record of Mr. Sellen's litigation history, and five of his cases were filed before this court.

12  This litigation history in the Western District of Washington alone provides an adequate

13  record of review for the Ninth Circuit.

14       The third factor, whether the litigant's actions are frivolous or harassing, "gets to

15  the heart of the vexatious litigant analysis." *Molski*, 500 F.3d at 1059 (quoting *De Long*,

16  912 F.2d at 1148). The court must make substantive findings and must look at both the

17  number and content of the litigant's filings. *Id.* The plaintiff's claims must not only be

18  numerous, but also be patently without merit. *Id.* Not only has Mr. Brenden now

19  initiated five lawsuits against Sellen in this federal district court, but he previously

20  initiated numerous lawsuits both in Washington State courts and the United States

21  —————————————

22  [5] No party has requested oral argument with respect to Sellen's motion for a vexatious litigant order.

ORDER- 15

1 | District Court for the District of Oregon as well. All of Mr. Brenden's complaints arise

2 | from the same general set of operative facts. All of Mr. Brenden's prior complaints have

3 | been dismissed, many with prejudice. Mr. Brenden has wasted the district court's

4 | resources and Sellen's time and money attempting to re-litigate claims that this court

5 | originally dismissed in 2006, and other state courts dismissed even earlier. *See Moy v.*

6 | *United States*, 906 F.2d 467, 470 (9th Cir. 1990). The court finds that Mr. Brenden's

7 | complaints have been both numerous and patently without merit. *See, e.g., Moy v. United*

8 | *States*, 906 F.2d 467, 468-70 (9th Cir.1990) (entering vexatious litigant order when

9 | plaintiff had filed two consecutive actions against the defendant arising out of the same

10 | set of operative facts, and each involving several complaints and numerous motions);

11 | *Ortiz v. Cox*, 759 F. Supp. 2d 1258, 1263-64 (D. Nev. 2011) (entering vexatious litigant

12 | order where plaintiff had filed seven actions against defendants); *Johns v. Los Gatos*, 834

13 | F. Supp. 1230, 1232 (N.D. Cal. 1993) (entering vexatious litigant order when plaintiff

14 | had filed five similar actions over a period of ten years).

15 |        Finally, a vexatious litigant order "must be narrowly tailored to the vexatious

16 | litigant's wrongful behavior." *Molski,* 500 F.3d at 1961. Sellen has requested a

17 | vexatious litigant order that prohibits Mr. Brenden from filing any claim against Sellen

18 | unless he is represented by counsel. (Mot. at 11.) The court, however, is mindful of the

19 | Ninth Circuit's instruction that any vexatious litigant order must be narrowly tailored.

20 | Accordingly, the court grants Sellen's motion for a vexatious litigant order, but declines

21 | to require Mr. Brenden to obtain counsel prior to filing in this court.

22 |

ORDER- 16

1    Instead, the court will require Mr. Brenden to commence any action in the

2    Western District of Washington with a complaint that meets the notice pleading

3    requirements of Federal Rule of Civil Procedure 8.  Further, any complaint filed by Mr.

4    Brenden shall be accompanied by a declaration under oath by Mr. Brenden stating that

5    the matters asserted in the complaint have never been raised and disposed of on the

6    merits by any court.  *See, e.g., Ortiz*, 759 F. Supp. 2d at 1265 (imposing similar

7    requirement in vexatious litigant order).  In order to ensure compliance with these

8    litigation restrictions, the court will require Mr. Brenden to file all future complaints

9    under a miscellaneous case number specifically assigned for this purpose.  If, upon

10   review of any future complaint and accompanying declaration filed by Mr. Brenden, the

11   court concludes that his filing fails to comply with this order, the court will issue an order

12   striking the complaint and directing the clerk not to assign the complaint a civil case

13   number.

14         The court issues the forgoing standing litigation restrictions because Mr. Brenden

15   has demonstrated a willingness to ignore prior court orders.  For example, despite Judge

16   Leighton warning that "attempts to file another case raising this same subject matter, . . .

17   will be summarily DISMISSED" (*see Brenden v. Sellen Construction,* No. MC08-

18   5053RBL (W.D. Wash.), 9/30/08 Order at 3), Mr. Brenden filed two additional actions

19   against Sellen in this district, including cause number C12-0872JLR and the present

20   action.  The standing litigation restrictions outlined above strike an appropriate balance

21   between Mr. Brenden's right of access to the court and the burden his repeated litigation

22   misconduct has imposed on the court in this district.

ORDER- 17

# IV. CONCLUSION

Based on the foregoing, the court DISMISSES Mr. Brenden's complaint, and GRANTS Sellen's motion for a vexatious litigant order against Mr. Brenden (Dkt. # 15). The court's standing litigation restrictions upon any future complaint that Mr. Brenden files in the Western District of Washington are stated in Appendix A to this order, which shall also become the first document entered on the docket in Case No. MC13-0030JLR, which shall be captioned "In re Jerry A. Brenden."

Dated this 15 day of February, 2013.

JAMES L. ROBART
United States District Judge

ORDER- 18

APPENDIX A

1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10  In re JERRY A. BRENDEN

11

12

CASE NO. MC13-0030JLR

ORDER IMPOSING STANDING
LITIGATION RESTRICTIONS
ON JERRY A. BRENDEN

13

For the reasons stated in the court's February 15, 2013 order filed in *Brenden v.*

14

*Sellen Construction Co., Inc.* Case No. C12-1412JLR (W.D. Wash.) (Dkt. # 31) (attached

15

hereto as Appendix A), the court imposes the following standing litigation restrictions

16

upon any action that Jerry A. Brenden files in the Western District of Washington:

17

       1.       In any action that Mr. Brenden files, the clerk shall enter the complaint and

18

accompanying materials on the docket in the above-captioned miscellaneous case.  This

19

court will review the complaint to determine if it meets the notice pleading requirements

20

on Federal Rule of Civil Procedure 8.

21

22

CASE NO. MC13-0030JLR - 1

1    2.    In addition, as outlined in the order attached hereto as Appendix A, any

2   such complaint must be accompanied by a declaration under oath by Mr. Brenden stating

3   that the matters asserted in the complaint have never been raised and disposed of on the

4   merits by any court.

5    3.    If the court determines that the complaint meets the requirements of Federal

6   Rule of Civil Procedure 8, and that Mr. Brenden has complied with the court's order to

7   accompany any such complaint with a declaration under oath as described in paragraph 2,

8   then the court will direct the clerk to assign a civil case number to the complaint and to

9   issue summons. If the complaint does not meet the requirements of Rule 8 and/or Mr.

10  Brenden has failed to accompany the complaint with the required declaration, then the

11  court will enter an order declining to treat the case as a civil action.

12   4.    If Mr. Brenden files documents other than a complaint (and accompanying

13  declaration) or a notice of appeal in a matter where no civil number has been assigned,

14  the clerk shall enter the document on the docket of the above-captioned miscellaneous

15  case number, but shall otherwise not calendar the document or otherwise note it for

16  consideration.

17   5.    If Mr. Brenden files a notice of appeal in a matter where no civil case

18  number has been assigned, the clerk shall treat the notice as an appeal of the above-

19  captioned miscellaneous case.

20      Dated this 15ᵗʰ day of February, 2013.

21

22                                    JAMES L. ROBART
                                      United States District Judge

ORDER IMPOSING STANDING LITIGATION RESTRICTIONS ON JERRY A.
BRENDEN - 2